**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEF CARLO MARGIO RENALDO, | No. 07-73950 |
| Petitioner, | Agency No. A096-360-088 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Josef Carlo Margio Renaldo, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that changed circumstances excused the untimely filing of Renaldo's asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). We are, however, unable fully to review Renaldo's claim of extraordinary circumstances because we cannot ascertain from the record whether the BIA found no extraordinary circumstances based a finding that Renaldo failed to establish extraordinary circumstances or based on a finding that he failed to file his asylum application within a reasonable time after the occurrence of an extraordinary circumstance. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1999) (noting that the "Board [must] provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention"). We therefore remand Renaldo's asylum claim to the BIA to determine whether he established extraordinary circumstances, and, if so, whether his delay in fling his asylum application was reasonable in light of the presumption that a six-month delay is reasonable. *See Wakkary v. Holder*, 558 F.3d 1049, 1057-59 (9th Cir. 2009).

Substantial evidence supports the BIA's finding that Renaldo did not suffer past persecution because the incidents he suffered in Indonesia, including threats, discrimination, the attack on his house, and minor physical harm, even considered cumulatively, do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

In assessing Renaldo's future fear of persecution, the IJ declined to apply the disfavored group analysis and distinguished *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir. 2004), because Renaldo is not Chinese and *Sael* did not involve a claim for withholding of removal. The BIA agreed with the IJ's findings. In light of our decisions in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010) and *Wakkary*, 558 F.3d at 1064-65, we remand for the agency to consider in the first instance whether Renaldo is entitled to withholding of removal under the disfavored group analysis. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Finally, substantial evidence supports the BIA's denial of Renaldo's CAT claim because Renaldo failed to demonstrate a likelihood of torture upon return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Renaldo's contention the IJ made a factual error when considering his CAT claim is not supported by the record.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**